### Ex parte JACK WADE.

No. A-4879.    Opinion Filed Oct. 13, 1923.
(219 Pac. 159.)

Habeas corpus by Jack Wade for discharge from the penitentiary. Writ allowed, and petitioner discharged.

Lewis Paullin and E. C. Patton, for petitioner.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for respondent.

MATSON, P. J.  This is a petition for writ of habeas corpus for the discharge of Jack Wade from the penitentiary at McAlester, wherein it is alleged that he is unlawfully restrained of his liberty by J. H. Townsend, warden.  That the cause of said restraint is a commitment issued upon a judgment of conviction rendered in the district court of Canadian county, Okla., on the 30th day of August, 1923, on a charge of having in his possession one copper still, and wherein petitioner was committed to serve a term of one year, and to pay a fine of $100, alleging that said restraint is illegal and unauthorized, for the reason that the law, under which he was convicted and is now serving a sentence, to wit, chapter 1, Session Laws of Oklahoma 1923, making it a felony to have in one's possession a still, still worm or mash, wort, or wash, etc., was held unconstitutional and void, as determined by this court in Ex parte Smith, 24 Okla. Cr. 415, 218 Pac. 708.  The Assistant Attorney General appeared in open court, and conceded that the writ should issue and the petitioner be discharged.  In the case of Ex parte Smith, supra, the statute upon which this prosecution was based was held unconstitutional and void.  It follows that the petitioner is illegally restrained of his liberty by the respondent, and that he is entitled to be discharged from the prison of which he complains, and that he is, therefore, by the judgment of this court discharged therefrom.

The clerk of this court will forward forthwith to the warden of the penitentiary at McAlester a duly certified copy of this opinion, and upon receipt of the same said warden is authorized to discharge said petitioner, Jack Wade.

BESSEY and DOYLE, JJ., concur.